**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

OMAR ANDRES BRICENO BORGES,
Petitioner,
v.
CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 26cv3952 DMS (MMP)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Traverse. For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Venezuela. (Pet. at 3.) On January 16, 2012, he lawfully entered the United States on a B-1/B-2 visa. (*Id.*) On February 21, 2013, he was granted asylum. (*Id.*) In 2015, Petitioner adjusted his status to that of Lawful Permanent Resident, and he has maintained that status since that time. (*Id.*)

Despite his lawful permanent resident status, on March 13, 2026, Petitioner attempted to enter the United States other than through a port of entry. (Return, Ex. 1.) Petitioner was apprehended by Border Patrol officials, served with a Notice to Appear, and transferred to the custody of Immigration and Customs Enforcement ("ICE"). He is

currently detained at Otay Mesa Detention Center, and according to the Executive Office for Immigration Review website, his merits hearing is scheduled for October 27, 2026.

On July 9, 2026, Petitioner, proceeding pro se, filed the present case alleging his continued detention without a bond hearing violates his due process rights and that his detention has become unconstitutionally prolonged in violation of his due process rights. Along with the Petition, Petitioner filed a motion for appointment of counsel, which the Court granted on July 13, 2026. Petitioner's appointed counsel filed an Amended Petition on July 22, 2026. In his Return, Respondent argues the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is properly detained under 8 U.S.C. § 1225(b)(2), and Petitioner's detention has not been unconstitutionally prolonged.

In *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025). This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

Starting with the first factor, Petitioner has been detained since March 13, 2026, or for more than six months. The likely duration of Petitioner's future detention is uncertain as his case is currently set for merits hearing on October 27, 2026, and the outcome of that hearing is unknown. On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025). *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL,

2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'"). Neither side argues the delay factors in this case, therefore the fourth and fifth factors are neutral. And the same goes for the sixth factor, as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and therefore violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. The parties shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2026

Hon. Dana M. Sabraw
United States District Judge